Wilde J.
delivered the opinion of the Court. After a verdict for the plaintiff in the Court of Common Pleas the defendant moved in arrest of judgment, and the court decided m favor of the motion. To this decision the plaintiff excepted, and the question is, whether the declaration is sufficient to sustain the verdict and to entitle the plaintiff to judgment.
The declaration avers that the defendant sold to the plaintiff a certain quantity of beef for the sum of three dollars, as good and wholesome meat, the same being unwholesome, which the defendant well knew at the time of the sale. It is objected that this declaration is insufficient, because it does not show that the plaintiff has sustained any damage by the wrongful act of the defendant ; but we think enough is averred to show that the plaintiff must have suffered damage, for it is averred that the beef was unwholesome and therefore it was worthless It has been argued, that as the beef was not paid for, and as on the facts averred the plaintiff could not be compelled to make payment, he has not suffered any damage. This however is an unfounded inference. When provisions or any other articles are purchased, it must be presumed that the purchaser expected to derive some benefit from the purchase ; if he is wrongfully and fraudulently deprived of the expected benefit, he suffers damage. It can make no difference, we think, whether the meat was paid for or sold on credit If cash had been paid, still it might have been recovered back on proving the fraud ; and although the beef was sold on credit and the plaintiff may resist payment, yet he has a right to *495 affirm the contract and claim damages for the fraud. The plaintiff therefore has lost the benefit and accommodation expected from the purchase, and also the provisions purchased.
But if this were otherwise, we see no good reason for arresting the judgment. It was not necessary for the plaintiff to aver special damages ; probable damages are sufficient. In actions for torts, damages are frequently presumed. Thus in actions of slander, the slanderous words being proved, the law presumes damages. So in an action of trespass for breaking a man’s close, without any damage in fact, the plaintiff is nevertheless entitled to nominal damages. And in all cases in which nominal damages only are given, the plaintiffs are supposed not to have sustained any actual damages.
If it were necessary, many cases might be cited in support of these positions.
In the case of Wells v. Watting, 2 W. Bl. 1233, it was held, that in case for surcharging a common, the plaintiff need not show that he turned on any cattle of his own at the time of the surcharge. In the case of the dippers at Tunbridge Wells, it was laid down as a general doctrine, that probable damage is a sufficient injury on which to ground an action. Wetter v. Baker, 2 Wils. 422. The same doctrine is laid down in a recent case by the court of King’s Bench. Marzetti v. Williams et al., 1 Barn. & Adolph. 415. This was an action in tort against the plaintiff’s bankers for not paying a check upon them, they having a balance in their -hands more than sufficient to cover it, and thus maliciously intending to injure the plaintiff, contrary to their duty as bankers. No special damages were alleged in the declaration and the jury negatived malice in the defendants. The court however was of opinion, that the plaintiff was entitled to nominal damages, because he was likely to be injured by the refusal of the defendants to pay the check, and it was their duty to pay it.
Upon these cases, and upon general principles, we cannot entertain a doubt that the declaration in this case is sufficient to sustain the verdict and to entitle the plaintiff to judgment-The judgment of the Court of Common Pleas must therefore be reversed, and judgment entered on the verdict fiar the plaintiff